# In the United States Court of Federal Claims

Nos. 17-1901T and 17-1902T
CONSOLIDATED
(Filed: April 6, 2018)
FILED
APR - 6 2018
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| CARY A. ZOLMAN, | *Pro se* Plaintiff; Motion to Dismiss for Lack of Jurisdiction; RCFC 12(b)(1); Tax Liens; Damages for Placement and Refusal to Remove Tax Liens; Lack of Jurisdiction to Enjoin Tax Collection, 26 U.S.C. §§ 7421, 7426(a)(1), 7432(a), and 7433(a). |
| *Pro Se* Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

**ORDER GRANTING MOTION TO DISMISS**

**FIRESTONE,** *Senior Judge*

Pending before this court is defendant the United States' ("the government") motion, filed February 1, 2018, to dismiss the above-caption consolidated cases for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").[1] The plaintiff's response to the government's motion to dismiss was due on March 5, 2018. A review of the court's records indicates that Mr. Zolman has yet to respond to the government's motion to dismiss. For the reasons that follow the court finds that it lacks jurisdiction over plaintiff's case and thus it must be dismissed.

---

[1] The plaintiff previously filed a complaint with this court where he made similar claims objecting to the collection of taxes and the imposition of a tax lien by the Internal Revenue Service. That case was dismissed by this court for lack of subject matter jurisdiction. *Zolman v. United States*, No. 15-1116, 2015 WL 7266624 (Fed. Cl. Nov. 12, 2015).

In his complaints, *pro se* plaintiff Cary A. Zolman claims that he is entitled to damages and injunctive relief based on Internal Revenue Service ("IRS") having placed two tax liens on properties he allegedly owns in Texas. The first lien is for $3,855.30 which was placed in 2011 and the second lien is for $706,538.79 which was placed in 2015. Mr. Zolman claims he is entitled to damages against the government because Jennifer Henderson, an agent of the IRS, knew the $3,855.30 was improper. Mr. Zolman also appears to be asking this court to enjoin the IRS to remove the subject liens.

As plaintiff, Mr. Zolman, has the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. *See Fid. & Guard. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015) (citation omitted). "In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citation omitted). Although *pro se* plaintiffs are held to less stringent pleading standards, they must still demonstrate that the court has jurisdiction to hear their claims. *See Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted).

Mr. Zolman has not cited any statutes or regulations to support his claims against the government. The court, however, has examined the various statutes governing tax liens and finds that none of these statutes, including 26 U.S.C. §§ 7426(a)(1), 7432(a), and 7433(a) provide this court with jurisdiction to hear Mr. Zolman's claims. In addition, as discussed below, this court does not have jurisdiction to enjoin the IRS from collecting taxes per 26 U.S.C. § 7421.

First, as the government argues, claims challenging imposition of tax liens may be brought only by third parties under 26 U.S.C. § 7426(a)(1) and not by the taxpayer. The statute states:

> Wrongful levy.--If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

26 U.S.C. §7426(a)(1).

Mr. Zolman, as the taxpayer, cannot make a claim for wrongful levy under this statute. Moreover, jurisdiction over such claims is proper only in the district courts of the United States.

Second, to the extent Mr. Zolman's claims damages resulting from unauthorized collection actions or failure to release a lien under 26 U.S.C. §§ 7432-33 this court does not have jurisdiction because those claims may be heard only in the district courts of the United States, as well. Specifically 26 U.S.C. § 7432(a) states:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on the property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a) provides that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of

3

> negligence, disregards any provision of this title, or any
> regulation promulgated under this title, such taxpayer may
> bring a civil action for damages against the United States in a
> district court of the United States. Except as provided in
> section 7432, such civil action shall be the exclusive remedy
> for recovering damages resulting from such actions.

The Federal Circuit, in *Ledford v. United States*, determined that the Court of Federal Claims does not have jurisdiction to hear "a claim seeking damages flowing from the allegedly unlawful collection activities of the IRS" under 26 U.S.C. § 7433(a) on the grounds that the statute provides that only a district court of the United States may hear such claims. *Ledford v. United States,* 297 F.3d 1378, 1382 (Fed. Cir. 2002). Thus, Mr. Zolman's claims for damages against the IRS or its agent for placing or refusing to release a lien must be dismissed for lack of jurisdiction.

Finally, to the extent Mr. Zolman is seeking an injunction to prohibit the collection of taxes through these liens, the government argues and the court agrees that under 26 U.S.C.§ 7421, the court has no statutory authority to enjoin the IRS from its collection efforts should it seek to enforce the liens. *Id.* at 1381.

Because this court lacks jurisdiction over any of Mr. Zolman's possible claims against the government regarding the tax liens he has identified, the government's motion to dismiss is **GRANTED** and Mr. Zolman's complaints are **DISMISSED.** The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

NANCY B. FIRESTONE
Senior Judge